UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS HETTERSCHEIDT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.: **3:12-cv-00587-JPG-PMF** |
| | ) |
| **CSX TRANSPORTATION, INC.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is the Defendants' (Doc. 34) motion to reconsider the Court's (Doc. 33) March 26, 2013, order granting the (Doc. 31) motion for a physical exam pursuant to Rule 35 of Federal Rules of Civil Procedure. Plaintiff has filed a response (Doc. 38) and the Defendants have filed a reply (Doc. 39).

The Defendants filed their motion for a physical exam on March 20, 2013. *See* Doc. 31. The motion properly identified the relevant details of the proposed examination, which was to occur on April 11, 2013. Plaintiff filed a response five days later. *See* Doc. 32. The response indicated that Plaintiff was willing to submit to the exam only if certain protective measures were taken. *See id*. Plaintiff listed the proposed protective measures as follows:

a) Defendants' medical examiner should not ask and Plaintiff does not have to answer any questions regarding medical history, symptoms, medical condition, diagnosis, causation, prognosis, or other questions regarding Plaintiff's physical condition.
b) Defendants' medical examiner should not submit and Plaintiff does not have to answer any written questions regarding medical history, symptoms, medical condition, diagnosis, causation, prognosis, or other questions regarding Plaintiff's physical condition.
c) That Plaintiff does not need to answer verbal or written questions regarding any mental/emotional/psychiatric issues.
d) That defense counsel or any other agents of defense counsel cannot be present during the examination of the Plaintiff.
e) That Plaintiff does not need to undergo radiological or imaging testing.

1

    f) Defendants' physical examination of the Plaintiff be limited to two (2) hours.

*See id*. at 2-3 ¶ 9. Understanding the need for urgency with exam fast approaching on April 11, the Court granted the (Doc. 31) motion on March 26, 2013. *See* Doc. 33. In doing so, it imposed the requested protective measures listed in Plaintiff's (Doc. 32) response without giving the Defendants an opportunity to object to the proposed restrictions. *See id*.

    The Defendants filed the instant (Doc. 34) motion for reconsideration on the same day that (Doc. 33) order was filed. They argue, generally, that the protective measures imposed by the Court cut against the purpose of Rule 35. The Defendants cite to cases interpreting Rule 35 and cases where similar restrictions have been rejected in the past. Plaintiff has responded to the motion for reconsideration by arguing that the Defendants waived their argument regarding any limitations placed upon the exam by failure to argue any parameters of the scope, nature, type, and duration of the proposed exam. *See* Doc. 38 at 2 ¶ 5.

    An order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). Here, the Defendants' argument is more convincing, and the Court will revise its prior ruling because the Defendants should have been afforded a reasonable opportunity to object to the proposed restrictions in Plaintiff's response. The Court does not agree that the Defendants waived their objections to any restrictions on the scope of the exam in its initial motion. Plaintiff essentially asks the Court to rule that the Defendants should have guessed as to what restrictions would have been proposed, if any, in Plaintiff's response. If the Defendants would have been afforded an opportunity to object to the restrictions, the Court likely would have sustained the objections as to the restrictions in subparagraphs a) and b) as overly broad and unreasonable, as it has done in the past when a reasonable time to object had

been permitted.  Accordingly, the Defendants (Doc. 34) motion to reconsider is GRANTED, in part, and DENIED, in part.

The Court's March 26, 2013, order (Doc. 33) granting the Defendants' (Doc. 31) motion for a physical exam is REVISED as follows:

Defendant requests Plaintiff's presence at a physical exam to occur on April 11, 2013 in accordance with Rule 35. Plaintiff consents but urges the Court to impose certain limitations on the exam.  The Court adopts the conditions set forth by Plaintiff in sub-paragraphs c) through f) of paragraph 9 of his (Doc. 32) response and grants the (Doc. 31) motion.  The conditions set forth in sub-paragraphs a) and b) of paragraph 9 are rejected as overly broad and unreasonable. The full report of Dr. Peter Anderson shall be forwarded to Plaintiff's counsel upon completion of the exam.

**IT IS SO ORDERED.**

**DATED: April 4, 2013.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE
